Filed 8/18/20  P. v. Davis CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>MICHAEL CHARLES DAVIS,<br><br>　　　Defendant and Appellant. | B297654<br><br>(Los Angeles County<br>Super. Ct. No. A086503) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge.  Reversed and remanded with directions.

　　　Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Michael Charles Davis appeals from a postconviction order summarily denying his petition for resentencing filed under Penal Code section 1170.95[1] as to his first degree murder conviction (§ 187, subd. (a)).  On appeal Davis contends, the People concede, and we agree the superior court erred in finding Davis ineligible for relief without first appointing counsel to represent him, ordering the prosecutor to file a response, and allowing Davis (or his attorney) to file a reply.  We reverse and remand with instructions.

# FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Evidence at Trial*

This court described the evidence at trial as follows, "Thaddeus Pracki was strangled to death.  When discovered in the hallway of his apartment, his nude body was face down, his head in a pillow, his wrists tied to his ankles behind his back.  The 62-year-old victim had six broken ribs, four bite marks on his right arm and numerous bruises and abrasions.  His wallet and credit cards were missing.  There was no sign of forced entry.  About 15 hours earlier, he had been with the defendant and others at Joly's, a homosexual bar." (*People v. Davis* (1987) 189 Cal.App.3d 1177, 1183 (*Davis I*), disapproved of by *People v. Snow* (1987) 44 Cal.3d 216, 225-226.)

---

[1]    All further undesignated statutory references are to the Penal Code.

An hour before Pracki's body was discovered, Davis and a companion attempted to make a purchase using Pracki's credit card. Davis also used Pracki's credit card to purchase gas two, three, or four times. Davis's fingerprint was lifted from a knife found at the crime scene. Davis admitted to a friend that "he had killed an old gay guy that he and a friend took out of Joly's with the intent to rob." (*Davis I, supra*, 89 Cal.App.3d at p. 1183.) Davis testified he had arranged for Pracki and a "'stud'" named Shug to get together, then Davis left them and went elsewhere. Shug paid Davis for the setup the next day with Pracki's credit card. According to Davis, the knife with his fingerprint was taken from a pot of knives located where he was arrested. (*Id.* at pp. 1183-1184.)

B.    *The Information, Verdict, and Sentencing*

Davis was charged with first degree murder (§ 187, subd. (a)) and robbery (§ 211). The information specially alleged the killing occurred in the commission of a robbery (felony murder) (§ 190.2, subd. (a)(17)). It also specially alleged the murder was intentional and involved the infliction of torture within the meaning of section 190.2, subdivision (a)(18). (*Davis I, supra*, 89 Cal.App.3d at p. 1184.) The jury was instructed on three theories of first degree murder: (1) willful, deliberate, and premeditated murder; (2) felony murder in the perpetration of a robbery; and (3) murder by torture. (*Ibid.*) The jury convicted Davis of first degree murder and robbery, but it found the special allegations were not true. (*Ibid.*) The trial court sentenced Davis on the murder count to 25 years to life and imposed but stayed a five-year term for the robbery under section 654. (*Id.* at p. 1183.)

C.      *Davis's Appeal*

On appeal, Davis argued that because the jury found the special allegations of felony murder and murder by torture not true, it must have found him guilty of willful, deliberate, and premeditated murder, for which there was insufficient evidence. (*Davis I, supra*, 189 Cal.App.3d at p. 1184.) This court rejected the argument, explaining for either special circumstance to be true, the defendant must intend to kill or aid in the killing. Therefore, "the jury might well have found that the killing occurred in the commission of a robbery, [or] as a result of acts done with the willful, deliberate and premeditated intent to torture, i.e., to cause extreme and prolonged physical pain [citation], or both, but was not intentional." (*Ibid*.) This court affirmed. (*Id*. at p. 1183.)

D.      *Postconviction Proceedings*

On January 17, 2019 Davis, representing himself, filed a petition with a supporting declaration in the superior court stating he had met the requirements under section 1170.95 for relief under Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), including that (1) the information allowed the prosecution to proceed under a theory of felony murder or the natural and probable consequences doctrine; (2) he was convicted of murder based on a theory of felony murder or the natural and probable consequences doctrine; and (3) he could not be convicted of first or second degree murder under changes to sections 188 and 189, effective January 1, 2019. With respect to his affirmation he could not be convicted of first or second degree murder under the 2019 amendments, Davis checked the box on the form petition that he was not the actual killer, but he did not

4

check the box stating he was not a direct aider and abetter who acted with the intent to kill, nor did he check the box stating he was not a major participant in the felony or did not act with reckless indifference to human life. Davis requested the court appoint him counsel and vacate his murder conviction.

The People requested the court grant an extension of time in which to file an informal response to Davis's petition. The record does not reflect whether the court granted an extension, and the People did not file an informal response.

On March 8, 2019 the superior court summarily denied Davis's petition in chambers, finding Davis had not made a prima facie showing he fell within the provisions of section 1170.95. The court did not appoint counsel for Davis, and Davis and the prosecutor were not present. In its written order, the superior court found Davis had failed to allege he did not intend to kill, and likewise failed to allege he was not a major participant in the robbery or did not act with reckless indifference to human life. The court concluded from its review of the court file and this court's opinion in *Davis I* that Davis "cannot make 'a prima facie showing that petitioner falls within the provisions of this section.'" The court explained, "Despite Petitioner's protestations to the contrary, the jury rejected Petitioner's claim that he was not the actual killer. In any event, under the facts of this case, where the victim, a 62 year old man was hog tied, suffered six broken ribs as well as numerous other injuries including bite marks and abrasions, coupled with the jury's finding that Petitioner personally inflicted great bodily injury while committing robbery, it appears that Petitioner was a major participant in the felony, robbery, and acted with reckless indifference to human life during the commission of that felony.

5

The Court of Appeal implicitly made such a ruling when it found that there was sufficient evidence to support the conviction."

## DISCUSSION

A.    *Senate Bill 1437*

On September 30, 2018 Senate Bill 1437 (2017-2018 Reg. Sess.) was signed into law, effective January 1, 2019.  Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Sen. Bill 1437 (2017-2018 Reg. Sess.) § 1; see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 325 (*Verdugo*), review granted Mar. 18. 2020, S260493; *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).)

New section 188, subdivision (a)(3), provides, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."  Senate Bill 1437 also added section 189, subdivision (e), which provides, "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1)  The person was the actual killer.  [¶]  (2)  The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the

6

commission of murder in the first degree.  [¶]  (3)  The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill 1437 also provides a procedure in new section 1170.95 for an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder under Senate Bill 1437's changes to sections 188 and 189.  (Sen. Bill 1437 (2017-2018 Reg. Sess.) § 4.)  Section 1170.95, subdivision (b)(1), provides that the petition "shall be filed with the court that sentenced the petitioner."[2]  The petition must include a declaration by the petitioner stating he or she is eligible for relief under the section, providing the superior court case number and year of the conviction, and indicating whether he or she requests the appointment of counsel.  (§ 1170.95, subd. (b)(1).)

The Legislature intended for there to be a three-step evaluation of a section 1170.95 petition.  (*Verdugo, supra*, 44 Cal.App.5th at pp. 328, 332-333.)  As we explained in *Verdugo*, "If any of the required information is missing and cannot be readily ascertained by the court, 'the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information.'  (§ 1170.95, subd. (b)(2).)  [¶]  If the petition contains all required information, section 1170.95,

---

[2]     Judge Raymond Choate, who was the sentencing judge (*Davis I, supra*, 189 Cal.App.3d 1177), passed away in 2005.

7

subdivision (c), prescribes a two-step process for the court to determine if an order to show cause should issue: 'The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.'" (*Verdugo*, at p. 327.)

After issuing an order to show cause, the trial court must hold a hearing "to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts . . . ." (§ 1170.95, subd. (d)(1).) If a hearing is held, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3); see *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.)[3] The prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3).)

---

[3] The Supreme Court in *People v. Lewis* limited briefing and argument to the following issues: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)[?]" (Supreme Ct. Minutes, Mar. 18, 2020, p. 364; *People v. Lewis, supra*, 43 Cal.App.5th 1128.)

B.  *The Superior Court Erred in Finding Davis Ineligible for Relief Without Appointing Counsel for Davis, Ordering the Prosecutor To File a Response, and Allowing Davis To File a Reply*

Davis contends, the People concede, and we agree the superior court erred in finding Davis ineligible for relief under section 1170.95 without first appointing counsel for Davis, ordering the prosecutor to file a response, and allowing Davis or his attorney to file a reply.

To determine as part of the initial inquiry whether a petitioner is eligible for relief on the basis he or she was convicted of first or second degree murder under a charging document that permitted the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences theory, "the court must at least examine the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment." (*Verdugo, supra*, 44 Cal.App.5th at pp. 329-330.) We added, "The record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189 (see § 1170.95, subd. (a)(3))—for example, a petitioner who admitted being the actual killer as part of a guilty plea or who was found to have personally and intentionally discharged a firearm causing great bodily injury or death in a single victim homicide within the meaning of section 12022.53, subdivision (d)." (*Id.* at p. 330.)

Davis stated in his declaration he was convicted of murder based on the felony murder rule, which could not have supported

9

a murder conviction under amendments to sections 188 and 189.[4] In addition, the record reflects the jury was instructed on the felony murder rule. (*Davis I, supra*, 189 Cal.App.3d at p. 1184.) Unlike in *Verdugo, supra*, 44 Cal.App.5th at page 333, in which the defendant's conviction of conspiracy to commit murder proved he had the intent to kill, Davis's record of conviction does not contain a disqualifying factor—the jury could have relied on the felony murder doctrine in convicting Davis of murder. (Cf. *People v. Lewis, supra*, 43 Cal.App.5th at p. 1138 [affirming denial of § 1170.95 petition where Court of Appeal on direct appeal had held "the record established that the jury found defendant guilty beyond a reasonable doubt on the theory that he directly aided and abetted the perpetrator of the murder"]; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted

---

[4]     Although Davis did not check the boxes on the form petition indicating he did not act with the intent to kill and was not a major participant in the felony or act with reckless indifference to human life during the course of the felony, the form was not a judicial council form, and nowhere in the statute does it require a petitioner make these specific statements. Rather, to be eligible for relief, the petitioner must meet three requirements: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§1170.95, subd. (a).) Davis declared in the petition he met all three requirements.

Mar. 18, 2020, S260410 [affirming denial of § 1170.95 petition where jury found the defendant was the actual killer by finding true he personally and intentionally used a firearm to commit the murder].)

Contrary to the trial court's ruling, this court did not conclude in *Davis I* that Davis was the actual killer, stating to the contrary, "the jury might well have found that the killing occurred in the commission of a robbery . . . ." (*Davis I, supra*, 89 Cal.App.3d at p. 1184.)  Davis therefore made an initial showing that he falls within the provisions of the statute. Accordingly, before proceeding to the third step of the three-part inquiry, the superior court was required to appoint counsel for Davis, order the prosecutor to serve a response, and allow Davis to file a reply.  (*Verdugo, supra*, 44 Cal.App.5th at p. 327.)  Only after considering the briefing of the parties should the superior court have determined whether Davis had made a prima facie showing he is entitled to relief.  (*Ibid*.)  Although a finding by the superior court that Davis was a major participant in the robbery and acted with reckless indifference to human life during the commission of the murder would make him ineligible for relief under section 1170.95 (see § 189, subd. (e)), the superior court erred in making that determination without first appointing counsel for Davis and considering the briefing by the parties.

We remand for the superior court to appoint counsel for Davis, to order the prosecutor to file a response, and to permit Davis to file a reply.  If Davis makes a prima facie showing he is entitled to relief, the court shall issue an order to show cause and conduct a hearing to determine whether to vacate Davis's murder conviction and resentence him on the remaining robbery count. (*Verdugo, supra*, 44 Cal.App.5th at p. 323.)

## DISPOSITION

We reverse the superior court's order denying Davis's petition for resentencing and remand for the superior court to appoint counsel for Davis, order the prosecutor to file a response and to permit Davis to file a reply. If Davis makes a prima facie showing he is entitled to relief, the court shall issue an order to show cause and conduct a hearing to determine whether to vacate Davis's murder conviction and resentence him on the remaining robbery count.

FEUER, J.

We concur:

PERLUSS, P. J.

SEGAL, J.